Francis W. Lestrade and Another, Appellants, v. Horace F. Burroughs, Jr., Respondent, Impleaded with Others.

*Preferences by an insolvent limited partnership.*

What payments by an insolvent limited partnership are not in contravention of the statute forbidding preferences by such partnership.

Appeal by the plaintiffs, Francis W. Lestrade and another, from a judgment of the Supreme Court in favor of the defendants dismissing the plaintiff's complaint on the merits, entered in the office of the clerk of the city and county of New York on the 18th day of November, 1892, upon a decision of the court rendered after a trial at the New York Special Term.

*Thomas P. Wickes*, for the appellants.

*Luke A. Lockwood*, for the respondent.

Follett, J.:

This action was brought to recover from the defendant Horace F. Burroughs, Jr., the sum of $2,957.23, which the plaintiffs allege was derived from the sale of their property by G. De Cordova & Co., and by them wrongfully paid to him.

The plaintiffs are, and for several years have been, partners under the name of Lestrade Brothers, and engaged in business at the city of New York, and for several years before January 18, 1890, Gonzalvo De Cordova, Winchester B. Smith and Frederick Berenbroick were partners under the name of G. De Cordova & Co., and engaged in business at the city of New York. The partnership was a limited one, organized under the laws of this State. De Cordova and Smith were the general partners and Berenbroick the special partner. January 12, 1888, these firms entered into the following contract:

"Memorandum of Agreement, made at the City of New York the twelfth day of January, one thousand eight hundred and eighty-eight, by and between the firm of Lestrade Brothers of said city, and G. De Cordova & Co. of the same place.

"Whereas, the parties to this agreement have had business transactions with each other for several years last past, and G. De Cor-

dova & Co. are largely indebted to the firm of Lestrade Brothers, etc., to change such business arrangements as follows :

"G. De Cordova & Co. will open a new account in their books with Lestrade Brothers, wherein and whereby G. De Cordova & Co. will account to Lestrade Brothers as their agents for all merchandise ordered by G. De Cordova & Co., or delivered for their account subsequent to the date of this agreement, and that G. De Cordova & Co. will furnish an account sales for such merchandise so ordered from or delivered by Lestrade Brothers, with the amounts due therefor and the time of payment, which amounts G. De Cordova & Co. shall receive for and pay to Lestrade Brothers, with the understanding and agreement that G. De Cordova & Co. have and hereby do guarantee the payment for all goods ordered or shipped under the terms of this agreement, and in accordance with the account sales rendered every fifteen days for said shipments.

"And that the said G. De Cordova & Co. shall retain the right to make such sales and bill such goods in their own names, but nevertheless as undisclosed agents of said Lestrade Brothers.

"Witness our hands and seals at the place and time first above mentioned.

"G. DE CORDOVA & CO.

"LESTRADE BROTHERS.

"In presence of {
   witness,

         "H. D. SEAMAN."

G. De Cordova & Co. were engaged in shipping butter, cheese, lumber and other merchandise to the island of Jamaica, where they had an agent. Lestrade Brothers were dealers in butter and cheese, and it is alleged in the complaint, and found as a fact, that between November 1, 1889, and January 10, 1890, they, pursuant to said contract, shipped butter to firms and persons at the city of Kingston in said island of the value of $3,116.40, for which sum G. De Cordova & Co. became indebted and were bound to pay pursuant to said contract.

Horace F. Burroughs, Jr., was engaged in furnishing G. De Cordova & Co. with lumber for shipment to Kingston under a contract like the one hereinbefore set forth. It is also alleged in the complaint and found as a fact that on January 16, 1890, the agent of G. De Cor-

dova & Co. at Kingston transmitted to that firm by cable $14,465.95, which was collected from persons and firms to whom property had been shipped; $867.58 of this sum was collected from persons and firms who were indebted to G. De Cordova & Co. for butter shipped by the plaintiffs. This fact was found by the court upon the testimony of Gonzalvo De Cordova, a witness called by the plaintiffs. The remainder was collected from persons indebted to G. De Cordova & Co., some of it being for lumber furnished them by Horace F. Burroughs, Jr. Upon the receipt of said sum ($14,465.95), it was deposited in the Commercial Bank of New York to the credit of G. De Cordova. From this sum the plaintiffs were paid $1,819.56, and to Horace F. Burroughs, $5,200, and the remainder was paid out to various creditors of the firm of G. De Cordova & Co.

On the 18th of January, 1890, G. De Cordova & Co. became insolvent, and an action was brought to wind up the affairs of the firm, in which a receiver was appointed.

Only $867.58 of this remittance of $14,465.95 was derived from butter shipped by the plaintiffs under the contract, and they, having received $1,819.56 out of this remittance, have no title to or equitable claim on that part of the remittance which was paid to Burroughs on account of just debts owing to him by the firm. The payment to Burroughs was not in contravention of the statute forbidding preferences by insolvent limited partnerships. Part of the money was derived from the sale of lumber furnished by Burroughs to G. De Cordova & Co. under a contract similar to the plaintiffs', and the remainder in payment of a sum which Burroughs had paid in satisfaction of the notes of G. De Cordova & Co. upon an express agreement that they should be paid out of the next remittance from Jamaica.

The judgment should be affirmed, with costs.

Van Brunt, P. J., and Parker, J., concurred.

Judgment affirmed, with costs.